## JOHN FITZGIBBON *versus* DANIEL BROWN.

Information received from a reliable scource may well be acted upon in a prosecution for a criminal offence, and amounts to probable cause when made positively and unequivocally. Probable cause does not depend entirely upon the actual state of the facts, but upon the honest and reasonable belief of the prosecutor.

Fitzgibbon *v.* Brown.

Evidence of the general bad reputation of the plaintiff in an action for malicious prosecution, is admissible in mitigation of damages.

The objection that the docket entry is, received instead of the copy of a judgment, must be specifically made when the evidence is offered, or it will be regarded as waived.

EXCEPTIONS to the law as given by GOODENOW, J., at *Nisi Prius.*

This was an action for malicious prosecution and false imprisonment, alleging that defendant made a complaint against the plaintiff on oath in the Police Court in Portland, on the 5th day of July, 1855, alleging that the plaintiff was guilty with others, of getting up a riot in the city of Portland, on the 3d day of July, 1855, causing the plaintiff to be arrested and imprisoned falsely, maliciously, and without probable cause.

An examination on the complaint against the plaintiff was had in the Police Court on the same day, when three of the persons joined with the plaintiff in the complaint were ordered to recognize for their appearance at the July term of the Criminal Court in Portland, and the plaintiff was ordered to be discharged from his arrest, on the ground that there was not probable cause to believe him guilty.

The plaintiff introduced certified copies of the complaint, warrant, and record, from the Police Court, and witnesses testified, that at the time of the alleged riot at Portland, he was not in that city, but was at work in Buckfield, in the county of Oxford, and did not arrive in Portland until the morning of the day succeeding the alleged riot.

The defendant pleaded the general issue.

The defendant, Brown, was introduced as a witness in his own behalf, and testified that he was a policeman in June and July, 1855, and made the complaint against Fitzgibbon before the Judge of the Police Court. That Durgin informed him that the plaintiff, Fitzgibbon, was one of those who assaulted the police, and he complained of him with the others. That at the examination in the Police Court, Durgin testified that Fitzgibbon was there, and that he knew him;

that he was informed by Durgin that the plaintiff was in the riot, that he was a police officer, and made the complaint upon that information.

William H. Plummer testified that he was a police officer in July, 1855, and arrested John Fitzgibbon on Brown's complaint; that he had seen him drunk several times.

The testimony in relation to the character and habits of the plaintiff was admitted only in mitigation of the damages.

The defendant also offered the docket of the Police Court under date of July 5th, 1855, in case State v. Fitzgibbon, on a charge of drunkenness, and the court allowed it to be read to the jury as evidence in the case, on the question of damages.

The presiding judge instructed the jury that the question of probable cause was a mixed question of law and fact; that if without probable cause the defendant made a complaint and caused Fitzgibbon to be arrested, he would be liable in this action.

That in order to maintain the action it would be necessary for the plaintiff to prove that the prosecution complained of was malicious and without probable cause; that malice would be implied from a want of probable cause. That the circumstance that the plaintiff was found drunk on the morning of the 4th of July after the riot, and that he was quarrelsome and accustomed to drink to excess was not evidence of probable cause, but if they believed that the defendant was informed by Durgin that the plaintiff was in the riot, and Durgin was a reliable man, and made the communication to the defendant positively and unequivocally, that the plaintiff was one of the rioters, it would be probable cause for including him in the prosecution.

The jury found a verdict for defendant.

*O'Donnell* for plaintiff, in support of the exceptions, argued that in relation to the testimony to the general character of the plaintiff was *inadmissible*:

1st. Because *general character* of plaintiff is *not* in issue in an action for malicious prosecution and false imprison-

ment. 2 Greenl. Ev., p. 458. Much less is evidence of *particular* facts admissible. Ross v. Lapham, 14 Mass. R., 279; 1 Greenl. Ev., p. 55, and cases there cited.

2d. *The docket of the Police Court was inadmissible under any circumstances.* As a judgment in a *criminal* case, it was not evidence in a *civil* action, &c. 1 Greenl. Ev., p. 537. If admissible as a record, it was not a record of the case *duly authenticated*, setting forth a complaint, warrant and conviction. Davis' Justice, third ed., p. 237.

All justices of the peace keep a *record*. R. S., chap. 116, p. 19.

A record, to be used as evidence, must be duly *attested*. Tenney, J., in English v. Sprague, 33 Maine R., 442; 27 Ib., 179; 35 Ib., 138; 26 Ib., 119; 8 Cush., 317.

Parol evidence is not admissible to supply a record, though justice is out of office. Sayles v. Briggs, 4 Met., 421; Kendall v. Powers, 4 Ib., 555. No proof that record was lost. Wing v. Abbott, 28 Maine R., 367. Or by whom entries were made. Whitman v. Granite Church, 24 Maine R., 236. The book does not prove itself. Wentworth v. Keizer, 33 Maine R., 367.

3d. Probable cause was in the case at bar, a question of *law*, not of *fact*. Ulmer v. Leland, 1 Greenl. R., 139; Stevens v. Fassett, 27 Maine R., 267; Taylor v. Godfrey and al., 36 Ib., 525; Stone v. Crocker, 24 Pick., 81–87.

4th. The charge of the judge that if the defendant was *informed* plaintiff was in the riot, it would be *probable cause*, is not sustained, as defendant had no knowledge or suspicion himself, to justify the prosecution. Merriam v. Mitchell, 13 Maine R., 457; Taylor v. Godfrey, 36 Ib., 525.

*S. & D. W. Fessenden* for defendant.

The evidence of Plummer, and the record of the Police Court having been admitted as evidence only in mitigation of damages, and the jury having found under the direction of the court that the defendant was not guilty, the only question now is, "were the instructions of the presiding justice correct?"

The question of probable cause is a mixed question of law and fact.  Ulmer v. Leland, 1 Greenl. R., 139 ; 2 Greenl. Ev., pp. 452, 453 ; Bulkley v. Kelallas, 4 Sand. Sup. Ct., p. 450 ; cited in U. S. Digest, vol. 6, p. 428 ; Taylor v. Godfrey, 36 Maine R., p. 425 ; Stone v. Crocker, 24 Pick., pp. 84, 85.

2d.  To maintain this action it is incumbent on the plaintiff to prove that the prosecution complained of was malicious and without probable cause, and malice would be inferred for want of probable cause.  2 Greenl. Ev., p. 449, sec. 453, and cases there cited, and p. 446, sec. 449, and p. 451.

The instructions following were correct, viz. : " That if the jury believed the defendant was informed by Durgin that the plaintiff was in the riot, and Durgin was a reliable man, and made the communication to him positively and unequivocally that the plaintiff was one of the rioters, it would be probable cause for including him in the prosecution."

What fact and circumstances amount to probable cause is a question of law.  Whether they exist or not in any particular case, is a pure question of fact.  The former is exclusively for the court; the latter for the jury.  This subject must necessarily be submitted to a jury when the facts are in question.  Stone v. Crocker, 24 Pick., pp. 84 and 85, and cases there cited.  In the case at bar, the facts in question were :

1st.  Was defendant informed by Durgin, that plaintiff was in the riot ?

2d.  Was Durgin a reliable man, and was the communication made by him to the defendant, made positively and unequivocally that the plaintiff was one of the rioters.

The testimony as to what Durgin told defendant was admissible as evidence of probable cause, and was probable cause.  See Bacon v. Town et als., 4 Cush., pp. 238–240 ; Taylor v. Godfrey, before cited.  Stone v. Crocker, 24 Pick., p. 86 ; Greenl. Ev., vol. 2, p. 455.

APPLETON, J.  The defendant, acting upon positive infor-

mation received from a reliable source, that the plaintiff had been engaged in a riot, included his name with those of others in a complaint made by him against certain individuals charged with that offense. The plaintiff, upon the hearing and examination before the magistrate issuing the warrant, was discharged, and thereupon brought this action for malicious prosecution.

The defendant, to show probable cause, proved that he had received positive information from a man named Durgin, of the plaintiff's participation in the alleged riot, and that in consequence of such information he made his complaint. The court instructed the jury that "if they believed defendant was informed by Durgin that the plaintiff was in the riot, and Durgin was a reliable man, and made the communication to the defendant positively and unequivocally that the plaintiff was one of the rioters, it would be probable cause for including him in the prosecution." This instruction was correct, and in conformity with the authorities upon this subject. It is not required that every complainant of his own knowledge should swear to the truth of every fact alleged in his complaint. If it were so, effective criminal proceedings would be at an end. The complainant may, and must in many cases act upon statements made by others, and if their statements are positive and unequivocal, and they are reliable, he must be regarded as having probable cause for proceeding criminally against those alleged to have been guilty of the commission of a criminal offence. French v. Smith, 4 Kernan, 363. The positive and unequivocal assertion of guilt by a reliable man, as of his own knowledge, would reasonably induce belief on the mind of even a cautious man, and in case of crime, well grounded belief should be followed by correspondent action. Probable cause does not entirely depend on the actual state of the facts, but upon the honest and reasonable belief of the prosecutor. Bacon v. Towne, 4 Cush., 217; James v. Phelps, 11 Ad. & Ell., 483.

"We are inclined to think, says Shaw, C. J., in Bacon v.

Towne, that evidence of the general bad reputation of the plaintiff, should have been admitted to rebut probable cause as well as in mitigation of damages." That this evidence may be received in mitigation of damages is as well settled as any principle of law. Whether it may properly be received upon the question of probable cause, is not a matter now before us, for the presiding judge expressly limited all such testimony to the matter of damages, and instructed the jury that it was not evidence of probable cause. The error, if any, in this respect, was in favor of the plaintiff, and to which he cannot except. The minutes of a deceased justice of the peace, says Shepley, J., in Longley v. Vose, 27 Maine R., 185, made upon his docket, have been regarded as substantially a record of his proceedings, and as satisfactory proof of a judgment rendered by him in a civil action. Baldwin v. Prouty, 13 Johns., 430; Davidson v. Slocumb, 18 Pick., 464. The cases cited by the plaintiff show that in certain cases docket entries may be received. It does not appear in the present case that the objection was to the fact proved. The evidence of the judgment was by the entries merely, and not by a copy of the record. If the objection had been specifically made on that ground, it might have been removed. No objection seems to have been made at the time.

But however that may have been, the evidence was only received in diminution of damages, and not as bearing at all upon whether there was probable cause or not. As the jury have found there was probable cause upon other evidence, no cause is perceived for disturbing the verdict.

No question seems to have been made as to the integrity, good faith, and proper caution of the defendant. The instructions bearing upon these points not being reported, must be regarded as liable to no just exception.

*Exceptions overruled.*